## Goodin v. Turner.

(Decided November 29, 1927.)

### Appeal from Bell Circuit Court.

1. Contracts.—One cannot be relieved from his contract because it was not for his best interest, in absence of showing by clear and convincing proof that he was induced to make contract through fraud of the other party.

2. Estoppel.—Where purchaser accepted money derived from sale of crops and notes given as part payment in subsequent sale, he was estopped from claiming that sale of land to him was induced by fraud and misrepresentation of vendor and from suing to cancel deed and to recover amount paid.

3. Estoppel.—One who has induced another to believe and act in certain manner will not afterwards be permitted to injure such person because of acts or things that he did under belief that they were consented to.

4. Estoppel.—There are two sorts of estoppel by contract: (1) Estoppel to deny truth of things agreed on and settled by terms of contract; (2) estoppel arising from acts done under or in performance of contract.

5. Appeal and Error.—Judgment of chancellor is not conclusive on appeal on consideration of fact, although weight will always be given to his judgment.

6. Contracts.—Where parties deal at arm's length, written contract which they make must not be set aside because one or the other becomes dissatisfied, and perchance may find slight facts and circumstances which tend to show that he has been misled or deceived in making contract.

N. R. PATTERSON for appellant.

E. N. INGRAM for appellee.

OPINION OF THE COURT BY JUDGE LOGAN—Reversing.

The basis of this action in equity is that appellant, O. L. Goodin, by fraud, covin, and misrepresentation, induced the appellee, W. E. Turner, to purchase a half interest in a farm in the state of Mississippi, for which he paid and agreed to pay $2,300. The suit seeks a cancellation of the deed of conveyance and a recovery of the amount of the consideration. Appellee alleged in his petition, and testified, that appellant came to him and suggested that he owned a farm in Mississippi which could be traded for a coal mine in Kentucky, and that, if appellee would purchase a one-half interest in the farm,

they would jointly trade it for the coal mine. Appellee purchased a half interest in the farm, and paid $500 in cash, and executed his note for $1,800. Prior to this transaction both appellant and appellee had talked with the representative of those who owned the coal mine attempting to reach an agreement to exchange the farm for the coal mine, and, at the time the deed of conveyance was executed to appellee by appellant for a half interest in the Mississippi farm, appellee knew what had taken place between the parties in an effort to bring about an exchange of the farm for the coal mine.

The farm was mortgaged heavily, and it is admitted by appellee that he fully understood that fact when he purchased the half interest in the farm. The mortgage was about $19,000, and appellee knew when he purchased his interest that it was subject to the mortgage.

Appellant assigned the $1,800 note to a bank, and appellee has renewed the note from time to time by the execution of a new note and the payment of interest. After appellee became the owner of a one-half interest in the farm, the appellant made a trip to Mississippi to superintend the care and disposition of the crop which had been grown on the farm that year. He received something more than $1,400 as the proceeds of the sale of the crop, and out of the proceeds he paid the expenses incident to the production of the crop, and divided the remainder of the money with appellee; his part amounting to something more than $400.

The appellant negotiated a sale of the farm, and the appellee complains that he did so without his consent. He admits that he had agreed that it would be a good thing to sell the farm, but he claims that he made no price at which it should be sold, and that he had nothing to do with the sale, and that it was made wholly without his knowledge. His deed had not been placed on record, and, when appellant sold the farm, as the title stood in his name, he executed the deed himself, and claims that he did this under the advice of his lawyer. He received five notes for $1,000 each over and above the amount of the mortgage against the farm. He returned to Kentucky and sought out appellee, explained the matter to him, and gave him two of the $1,000 notes, and kept two himself, explaining at the time to appellee that the other note would have to be divided between them. The notes have not been paid. Appellee accepted his notes, and still retains them.

.The lower court canceled the deed, and gave a judgment in favor of appellee for $2,300 and interest.

Appellant relied on the law of estoppel. It is his idea that the facts were fully understood by appellee when he accepted the notes which were delivered to him, and when he received money derived from the sale of the crops, and that it was too late for him to complain after having ratified and acquiesced in the completed transaction. He also insists that there is no evidence of fraud on the part of appellant. The proof shows that appellant said to appellee that he had an offer to trade a coal mine for the farm and this statement was true. Appellant did not know whether the trade would go through, and, according to the very nature of things, appellee knew that the trade was yet to be consummated. The evidence tending to show that appellee was deceived in any way by appellant is meager. It may be that appellee made an unwise purchase, but a man cannot be relieved from his contract because it was not for his best interest, in the absence of a showing by clear and convincing proof that he was induced to make the contract through the fraud of the other party.

Aside from the question as to whether appellant acted in the utmost good faith in dealing with the appellee, we do not see how appellee can escape the law of estoppel by reason of his consent to the sale of the farm and the acquiescence therein by accepting the notes which were received as a part of the consideration for the sale. In the case of Trimble v. King, 131 Ky. 1, 114 S. W. 317, 22 L. R. A. (N. S.) 880, this court announced the rule that a person who has induced another to believe and act in a certain manner will not afterwards be permitted to injure such person because of the acts or things that he did under the belief that they were consented to. It has been long recognized that there are two sorts of estoppel by contract: (1) Estoppel to deny the truth of things agreed upon and settled by the terms of the contract; and (2) estoppel arising from acts done under or in performance of the contract. These two sorts of estoppel by contract were recognized in the case of George v. Ford, 183 Ky. 808, 211 S. W. 438.

The judgment of the chancellor is not conclusive on consideration of fact, although weight will always be given to his judgment. In this case we cannot agree that his conclusions are supported by the evidence. The evidence in the case consists of the depositions of the

appellant and appellee. The appellee does not make a strong case for himself, and, if written contracts could be overturned by the weak evidence of one of the interested parties, the business of the country would be placed on an insecure foundation. Where the parties deal at arm's length, as in this case, the written contract which they make must not be set aside because one or the other becomes dissatisfied, and perchance may find slight facts and circumstances which tend to show that he has been misled or deceived in the making of the contract.

Judgment reversed and cause remanded, with directions to dismiss the petition.